Obrzut, Appellant, *v.* Olyphant Borough.

242

Argued March 4, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Joseph F. Dutka,* for appellant.

*Andrew Homanich,* Associate Counsel, with him *E. S. Lawhorne,* Associate Counsel, *R. D. Holahan,* Counsel, and *Walter E. Alessandroni,* Attorney General, for State Workmen's Insurance Fund, appellee.

OPINION BY ERVIN, J., March 19, 1963:

In this Workmen's Compensation case the referee, the board and the court below denied compensation to the claimant.

When the decision of the board is against the party having the burden of proof, the question before us on appeal is whether the board's findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of the competent evidence: *Fox v. American News Co.*, 190 Pa. Superior Ct. 74, 76, 151 A. 2d 670.

As was said by President Judge KELLER in *Lees v. State Workmen's Insurance Fund,* 146 Pa. Superior Ct. 70, 71, 22 A. 2d 61: "This workmen's compensation death claim naturally excites one's sympathy, but it is subject to the condition uniformly imposed in all such claims, viz, that compensation is payable only if the death of the employee accidentally occurred in the *course of his employment.*"

There is no dispute as to the facts. They are as follows: At 2:30 o'clock in the morning of January 30, 1961 plaintiff was awakened by her husband, who had awakened from sleep to find his home ablaze. The decedent took the plaintiff outside, and then went through the flames to an upstairs bedroom to get his daughter Caroline out of the house. In rescuing his daughter he received severe burns which caused his death the same day. At the time the decedent entered the house to rescue his daughter, no fire alarm had been turned in and no other firemen were present. The board concluded that, at the time of decedent's injury, he was engaged in a purely personal matter and the fact that he was a member of the local volunteer fire company did not make him an employee of the Borough of Olyphant while so engaged.

The Workmen's Compensation Act provides that the term "employee" shall include all members of volunteer fire companies while actually engaged as firemen or while going to or returning from any fire which the fire companies or fire department of which they are members shall have attended or while per-

forming any other duties of such companies or fire department: Act of June 21, 1939, P. L. 566, as amended, 77 PS §22a.

The case of *Lees v. State Workmen's Insurance Fund,* supra, is determinative of the present case. In that case plaintiff's decedent was in his back yard when he heard his wife scream that their home was on fire. He rushed into the house to rescue his children and was later found burned to death. In that case we reversed the judgment of the court below and entered judgment for the defendants in a unanimous opinion written by President Judge KELLER. At pages 72, 73 he said: "The narrow question here involved is, was the act of claimant's husband in rushing into the house, following the outcry of his wife, in an endeavor to rescue his children, done in his capacity as a fireman, and by reason of his membership in the volunteer fire company, or was it the spontaneous impulse of a father seeking to save his children? Sad as the outcome may be, we can see nothing in the circumstances above related that distinguishes his conduct from what he would have done if he had not been a member of the fire company. There is nothing in the record to show that his attempted rescue of his little child was undertaken in his capacity as a member of the fire company and employee of the borough rather than in his individual relation as a husband and father." Judge KELLER went on in this opinion and reviewed many of the cases on this subject. A further review in this opinion would serve no useful purpose.

Appellant argues that the present case is distinguishable from the *Lees* case because in the *Lees* case there was a rule that provided as follows: "At the alarm of fire, the members shall report for duty at the engine house, unless more expedient to go directly to the fire, but shall in all cases present themselves to the fire chief or in his absence to the next officer

in charge, for assignment to duty." Counsel for the appellant argues that the absence of such a rule in the present case distinguishes it from the *Lees* case. We do not agree. The real question is whether the decedent, when he received his burns, was the servant serving the master. There is nothing in the present record to show that the decedent, in rescuing his children, was doing so in his capacity as a member of the fire company and employee of the borough rather than in his individual relation as a father. Had he not been a member of the fire company he would undoubtedly have acted exactly as he did in this case.

Order affirmed.