McFarlane, Appellant, *v.* Mellon-Stuart Company.

Submitted November 13, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*J. Warren Watson,* for appellant, submitted a brief.

*Clem R. Kyle* and *Raymond F. Keisling,* for appellee.

OPINION BY WRIGHT, J., March 18, 1965:

This is a workmen's compensation case. The Referee dismissed the claim petition on the ground that there was no causal connection between the alleged accident and the death of claimant's husband. The Board affirmed the decision of the Referee. In an exhaustive opinion by President Judge LENCHER, the County Court of Allegheny County affirmed the decision of the Board. Judgment was entered in favor of the employer, and the claimant has appealed.[1]

The record discloses that John McFarlane was employed by the Mellon-Stuart Company as a laborer. In the early afternoon of October 4, 1955, while spreading concrete on the first floor of a building being erected to house the School of Public Health at the University of Pittsburgh, McFarlane was seen to fall from the first floor level to the ground, a distance of five or six feet. He landed on his heels on soft dirt fill. Claimant's witnesses testified that McFarlane staggered backwards and struck his head against a bank of dirt. The employer's witnesses testified that McFarlane slowly slumped to the ground on his left side. His face was "sort of blueish, ash gray". His mouth was open, he was grasping for breath, and his tongue "was stuck back". Within five minutes of the incident McFarlane was removed by stretcher to the Presby-

---

[1] The appeal was filed July 12, 1963, and appellant was granted permission to proceed in forma pauperis. On November 11, 1963, argument was continued because of the illness of appellant's original counsel, who died on November 20, 1963. Argument was again continued on April 14, 1964, in order to afford appellant an opportunity to secure new counsel. On the date of argument, November 13, 1964, present counsel was granted a period of thirty days within which to submit a brief. On December 11, 1964, this period was extended for an additional thirty days. The brief was received on January 15, 1965. These facts are here recited in explanation of the time lapse so far as this court is concerned.

terian Hospital, where he was pronounced dead on arrival.

It was claimant's theory that her husband's death resulted from a contusion of the skull caused by the fall. She adduced no medical testimony and relied solely on the coroner's report of the inquest, which contained such a finding. It was the employer's theory that death was due to a heart attack. The employer offered the testimony of three medical witnesses, together with the report of an autopsy performed six hours after McFarlane's death.

This appeal does not present any new or unusual legal problem. It was claimant's burden to prove all of the elements necessary to support an award: *Chernetsky v. William Penn Stripping Co.*, 200 Pa. Superior Ct. 277, 188 A. 2d 770. One of the necessary elements was that of causal relationship: *Smith v. Pullman-Standard Car Mfg. Co.*, 194 Pa. Superior Ct. 263, 166 A. 2d 299. It was for the Board to determine from all the evidence whether claimant had sustained her burden: *Hurlburt v. Fidelity Window Cleaning Co.*, 192 Pa. Superior Ct. 152, 160 A. 2d 251. Where the compensation authorities have found against the party having the burden of proof, the question on appeal is not whether the findings of fact are supported by sufficient evidence, but whether there has been a capricious disregard of competent evidence: *Verna v. Stabler*, 204 Pa. Superior Ct. 87, 203 A. 2d 578. Assuming arguendo that the coroner's report of the inquest was competent evidence, the Board's disregard thereof was clearly not capricious in view of the convincing medical testimony to the contrary. Where the Board finds against the claimant, the evidence on appeal must be viewed in the light most favorable to the employer: *Lind v. Argo Lamp Co.*, 198 Pa. Superior Ct. 247, 181 A. 2d 726.

Dr. L. John Powell testified that McFarlane was dead on arrival at the hospital, that his examination of the body in the emergency room disclosed no external evidence of trauma, and that he referred the body for an autopsy. Dr. Thomas James Moran testified as to the result of the autopsy, performed with claimant's approval. The detailed report thereof was introduced in evidence. It disclosed no evidence of trauma, but did disclose "a large infarct including the heart muscle on the left ventrical and arteriosclerosis of the coronary artery". Dr. Moran testified that the cause of death was a heart attack, and expressed the opinion that there was no causal connection between the death and the fall. Dr. Irwin M. Pochapin testified, after hearing the testimony and reviewing the autopsy report, that McFarlane died as the result of a heart attack, and that there was no causal connection between the death and the incident on the job. It was Dr. Pochapin's belief that the fall itself was caused by the heart attack.

Appellant's present counsel states the questions involved to be as follows: "A. Where an employe trips and falls during the course of his employment and as a result of said fall suffers a heart attack, is it a capricious disregard of competent evidence for the Court to sustain the Board's finding that death was not due to an accident? B. Where evidence produced at a hearing proves that there was an accidental injury, must a Board consider this evidence, notwithstanding that it is not offered by the claimant and is contrary in some respects to the point being argued by the claimant? C. Where counsel for claimant is incompetent, should this Honorable Court in the interest of justice order a rehearing?"

Having carefully reviewed this voluminous original record, we find no merit in any of appellant's contentions. The medical testimony adduced by the employ-

er, and believed by the compensation authorities, clearly established that the fall did not cause the heart attack, and that there was no connection between the fall and the heart attack. This case was not decided by the compensation authorities on the ground that the fall was not an accident, but on the ground that claimant failed to prove that her husband's death from the heart attack was a result of the fall. We perceive no reason to grant a rehearing, even if we had power to do so.

Judgment affirmed.