## Bailey, Appellant, *v.* Smith Truck Lines, Inc.

**448**

Argued September 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*J. Leonard Langan,* with him *Robert J. Wollet,* for appellant.

*James P. Harris, Jr.,* for appellee.

OPINION BY WRIGHT, J., November 10, 1965:

This is a workman's compensation case. The Referee dismissed the claim petition. The Board affirmed the Referee. The Court of Common Pleas of Lycoming County sustained the Board. This appeal followed.

Harry Bailey, the claimant's decedent, was employed by Smith Truck Lines as a truck driver. In the early evening of March 4, 1960, while engaged in the normal course of his employment, the decedent was operating

a tractor in an easterly direction on Broad Street in Montoursville, Pennsylvania. At the intersection of Fairview Drive the tractor veered gradually to the north across the highway and collided with a dwelling house. Bailey's body was found on the seat of the truck, and he was pronounced dead on arrival at the Williamsport Hospital. It was undisputed that the cause of death was a coronary occlusion. The pivotal issue was whether the occlusion occurred before the collision, or whether it was precipitated by the collision.

The Referee found as a fact that the coronary occlusion preceded the collision, and that decedent's death was not the result of the collision. In affirming the Referee, the Board made the following pertinent statement: "We believe that the Referee's finding cannot be disturbed. The claimant was 61 years of age, with a bad heart condition prior to his accident. There was no positive evidence to indicate any emergency or untoward happening that might have caused a heart attack. In fact, the positive evidence indicates that, shortly before his accident, the deceased was not feeling well. We believe that the evidence warranted the inference that the heart attack preceded the accident and that it was a result of natural causes".

This appeal does not require extended discussion. The applicable legal principles were recently restated in *McFarlane v. Mellon-Stuart Co.*, 205 Pa. Superior Ct. 66, 208 A. 2d 40, in which case a similar issue was resolved. It was claimant's burden to prove all of the elements necessary to support an award, and it was for the Board to determine from the evidence whether claimant had sustained that burden. Since the compensation authorities found against the party having the burden of proof, the question on appeal is not whether the findings of fact are supported by the evidence, but whether there has been a capricious disre-

gard of competent evidence. Where the Board finds against the claimant, the evidence on appeal must be viewed in the light most favorable to the employer. Cf. *Bailey v. Buzzard,* 205 Pa. Superior Ct. 432, 210 A. 2d 926.

The testimony of claimant's medical witness, Dr. Martin J. Walsh, was somewhat equivocal. He stated that decedent did not have prior heart trouble, although the death certificate indicated pre-existing arteriosclerotic cardiovascular disease. This was confirmed by the autopsy report. The assertion of Dr. Walsh that the collision precipitated decedent's death was shaken on cross-examination by his admission that the heart attack could have preceded the accident. Dr. M. J. Pophal, the pathologist who conducted the autopsy, found no external evidence of trauma, and testified that death was caused by "heart failure due to coronary arteriosclerosis". Dr. Herman Finkelstein, a specialist in internal medicine and cardiology, testified convincingly that the heart failure preceded the collision, and that there was no causal connection between the collision and the death.

In brief, our review of this record does not disclose any capricious disregard of competent evidence. We are all of the opinion that the court below acted properly in sustaining the action of the Board.

Order affirmed.