Pudlosky *v.* Follmer Trucking Company et al.,
Appellants.

Argued September 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*E. C. Marianelli*, for appellant.

*Joseph P. Olexy*, for appellee.

OPINION BY WRIGHT, J., November 10, 1965:

This is a workmen's compensation case. The Referee made an award. The Board reversed the Referee, and dismissed the claim petition. The Court of Common Pleas of Luzerne County reversed the Board, and in effect reinstated the Referee's award. This appeal followed. The factual situation appears in the following excerpt from the opinion below:

"Anna Pudlosky is the widow of Anthony Pudlosky, deceased, who on March 22, 1961, was employed as a truck driver by the defendant. He was in apparent good health with no history of coronary disease. As a matter of fact, the decedent was examined by Dr. Robert T. Gildea nine days prior to his death and was found to be in good health.

"On the evening in question, the decedent was driving the defendant's truck trailer from the defendant's terminal at Forty Fort to Allentown via Route 309.

The vehicle was forty feet in length, 12 feet high, with a capacity of 20 tons and had dual wheels 4 feet high. At about 9:30 p.m., the decedent began to ascend a steep graded mountain road. At the time it was snowing and sleeting, reducing the road surface to a slippery state; cars were stalled along and on the highway and the Commonwealth's highway crews were plowing and cindering. Because the trailer was sliding and slipping, the decedent decided then and there to put chains on the vehicle while it was still on the steep grade; it was dark, raining, hailing, snowing, cold, freezing, windy and the footing was bad; the decedent stopped his vehicle, examined the circumstances, removed the chains, examined the chains by the light of the headlights from the vehicle, laid out the chains in back of the rear wheels, backed the rear wheels onto the chains and then hooked them on. The chains weighed approximately 30 pounds each and it required a half hour to attach them to the tires. After the decedent had attached the chains, he returned to the cab and resumed ascent of the mountain. After proceeding about one hundred yards, he stopped because of a stalled car on the highway. He then proceeded upward for about another 500 yards where he turned his truck off the road and stopped. Shortly thereafter he was found dead slumped over the steering wheel of the vehicle. The lights of the cab were still on and the air pressure buzzer was ringing. Dr. Joseph T. Buckey arrived shortly thereafter, found no trauma to the body, and pronounced him dead as a result of a coronary occlusion".

The award of the Referee was based upon the following finding of fact: "10. We find as a fact that the decedent's death was a direct result of a coronary occlusion precipitated by unusual strain on the heart, said strain being brought about by strenuous exertion in applying the heavy chains to the wheels of the trail-

er under conditions of snow and a slippery highway, accompanied by an emotional strain and anxiety". The disallowance by the Board was based upon the following substituted finding of fact: "Tenth: Anthony Pudlosky's death on March 22, 1961 was not the result of an accident. The procedure used by decedent to put chains on his truck was not unusual to his occupation". With regard to the question of causal connection, the Board's opinion concludes as follows:

"With the above decision it would not be necessary to go into the feature of causal connection, but some observations should be made. This claim was filed more than a year after the death. There was no certainty as to the true cause of death of decedent. It was a conclusion after a cursory examination made by Dr. Buckey. No autopsy was ever performed and this claim must be premised upon a cause of death determined without ever moving the body from its sitting position in the truck cab, on a dark highway in the midst of a blizzard probably with a flashlight. The physician ordered the coroner to remove the body and there was no further examination . . .

"If, indeed, there was a coronary occlusion in this case, the claimant produced no heart expert as a witness. We are inclined to accept the testimony of defendant's medical witness who is a heart specialist and who concluded there was no causal connection between the exertion and the death".

Based on his independent appraisal of the testimony, the hearing judge concluded that the task of putting chains on the truck was not decedent's ordinary work, that it required unusual strain and exertion, and that there was a causal connection between such strain and exertion and the death. He therefore substituted his own tenth finding of fact, and made an award identical with that of the Referee.

It is not the province of the reviewing court to weigh conflicting testimony or to decide what inferences should be drawn therefrom: *McCafferty v. Masten Transportation, Inc.*, 205 Pa. Superior Ct. 239, 209 A. 2d 11. The credibility and weight of the testimony is for the Board: *Verna v. Stabler*, 204 Pa. Superior Ct. 87, 203 A. 2d 578. The Referee is only the agent of the Board, and the lower court does not have power to set aside the Board's findings and reinstate prior findings by the Referee: *Mohler v. Cook*, 205 Pa. Superior Ct. 232, 209 A. 2d 7. It was for the Board to determine whether claimant had sustained her burden to prove all the elements necessary to support an award, including causal relationship: *McFarlane v. Mellon-Stuart Co.*, 205 Pa. Superior Ct. 66, 208 A. 2d 40. Since the Board found against the party having the burden of proof, the question on review is not whether the findings of fact are supported by the evidence, but whether there has been a capricious disregard of competent evidence: *Bailey v. Smith Truck Lines, Inc.*, 206 Pa. Superior Ct. 447, 214 A. 2d 290.

In undertaking to make its own award in favor of the claimant, the court below analyzed the evidence with regard to three "determinative" premises: (1) whether or not the task of putting on truck chains was usual work for the decedent; (2) whether there was unusual strain and exertion; and (3) whether there was a causal connection between such strain and exertion and the decedent's death. On each of these purely factual questions the court below made a finding contrary to that of the Board. "It is at once apparent that the lower court was under a misapprehension as to the scope of judicial review": *McCafferty v. Masten Transportation, Inc.*, supra, 205 Pa. Superior Ct. 239, 209 A. 2d 11.

We will not prolong this opinion by detailing the testimony, or by separately distinguishing each of the

cases cited in claimant's brief.[1] Claimant had the burden to prove, not only the happening of an accident, but also a causal relationship between the alleged accident and decedent's subsequent death. "An accident may not be inferred merely because an injury has been suffered, nor can an injury be inferred simply because an accident has happened . . . It was claimant's duty to prove that her husband's death resulted from the alleged overexertion": *Washko v. Ruckno, Inc.*, 180 Pa. Superior Ct. 606, 121 A. 2d 456. Compensation may not be awarded without a finding of causation, and the power to make such a finding of fact is exclusively vested in the compensation authorities: *Gavandula v. Ryan Brothers*, 205 Pa. Superior Ct. 325, 209 A. 2d 13.

The order of the court below is reversed, and the order of the Board is reinstated.

MONTGOMERY, J., agrees that the order of the lower court must be reversed but he would remand the case to the Board for further medical testimony as to the cause of death.

---

[1] *Adams v. Dunn*, 192 Pa. Superior Ct. 319, 162 A. 2d 42; *Banas v. Eagle Coal Co.*, 196 Pa. Superior Ct. 580, 175 A. 2d 897; *Barr v. Atlantic Elevator Co.*, 124 Pa. Superior Ct. 57, 187 A. 815; *Baur v. Mesta Machine Co.*, 405 Pa. 617, 176 A. 2d 684; *Buck v. Arndt*, 153 Pa. Superior Ct. 632, 34 A. 2d 823; *Lemmon v. Pennsylvania Department of Highways*, 164 Pa. Superior Ct. 254, 63 A. 2d 684; *Manikowski v. Morris Run Coal Mining Co.*, 163 Pa. Superior Ct. 118, 60 A. 2d 344; *Nelson v. Greenville*, 181 Pa. Superior Ct. 488, 124 A. 2d 675; *Parks v. Winkler*, 199 Pa. Superior Ct. 224, 184 A. 2d 124; *Pavlik v. Harmar*, 191 Pa. Superior Ct. 283, 156 A. 2d 565; *Smith v. Primrose*, 285 Pa. 145, 131 A. 703; *Wance v. Gettig Engineering & Manufacturing Co.*, 204 Pa. Superior Ct. 297, 204 A. 2d 492.