Hilt, Appellant, *v.* Roslyn Volunteer Fire Co.

Argued March 20, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Carl M. Mazzocone,* with him *Sheer & Mazzocone,* for appellant.

*John F. McElwenny,* with him *Frederick W. Anton, III,* and *Paul H. Ferguson,* for appellee.

Opinion Per Curiam, September 11, 1969:
Order affirmed.

———

Dissenting Opinion by Hoffman, J.:

This is an appeal from an order of the lower court affirming a finding by the Workmen's Compensation Board that appellant was not entitled to compensation under the Workmen's Compensation Act.

Appellant's claim is predicated on two grounds: (1) that he suffered a compensable accident in that he suffered a heart attack after unusual exertion related to his employment and (2) that he suffered a compensable heart attack under the Unusual Pathological Result Doctrine.

The relevant facts in this case are as follows: Appellant for ten years had served as a volunteer fireman. Throughout that period he attended several hundred fires. "On occasion" he entered burning buildings and "made use of an ax on the places burning for one reason or another." On March 16, 1964, appellant was driving an old fire truck to the scene of a fire. The truck was approximately eighteen to twenty feet in length and weighed eleven tons. On route, appellant was notified by radio to return to the firehouse. He immediately commenced turning the truck around and, in the course of this operation, pulled the truck's emergency brake. Thereafter, he could not release the brake with his right hand because it had been pulled back too far, causing it to jam. Thereupon, claimant leaned over on his side and pulled the emergency brake further back with both hands while depressing the release button on top. At this moment, he experienced a sharp pain across his chest. Although claimant had driven

this particular truck more than a hundred times before, the emergency brake had stuck only once before. On that occasion it took two men to release it. That evening appellant suffered a heart attack. According to the sole medical witness the heart attack was precipitated by "the extreme severe strain" caused by appellant's releasing of the emergency brake. Claimant's doctor also testified that claimant had no prior history of heart trouble.

Appellant was totally disabled from March 16, 1964, until July 9, 1964, when he returned to work at his regular employment on a limited basis. He remained on limited duty and suffered a dimunition in his earning capacity until September 30, 1964, at which time he resumed full employment with no further loss of wages.

The Board adopted the findings of the referee "That on March 16, 1964, the claimant while driving fire apparatus in response to a fire alarm suffered a heart condition." Nonetheless the Board concluded that the events leading up to the heart attack did not constitute "an excessive work-load. Firemen, including the claimant, are constantly exposed to great physical exertion. The testimony of the claimant only shows a greater effort required to release the brake. It does not establish that the effort was unusual to his work generally."

This holding is in clear conflict with our decision in *Foster v. State College Borough,* 124 Pa. Superior Ct. 492, 189 A. 786 (1937). There, we explicitly found that volunteer firemen, when using great physical exertion, may be compensated for resulting heart attacks. In *Foster,* the decedent a volunteer fireman "at the scene of the conflagration . . . picked up a fire hose and pulled it from the rear of the truck to the fire plug, about 15 to 20 feet, . . . (and) then dropped dead

of an acute heart attack, superinduced by the exertion of running to the fire and pulling the hose from the truck to the fire plug. . . ." At 494. In awarding compensation we stated: "The trouble seems to be due to an attempt to apply to an irregular, unusual and intermittent employment, such as a volunteer fireman, the rules applicable to regular and usual occupations, and because fitfully or spasmodically, at irregular times, a fireman may be called upon to do work which requires great or unusual exertion, to hold that such unusual exertion is his regular, normal activity. No such rule should be applied . . . (In all of the cases cited wherein an employee was awarded compensation) it must not be thought that the employee had never before done what he was doing when his overexertion resulted in death; but it was not his usual regular, everyday work. Frequently such men are required to do something out of the ordinary line of their work, requiring extra exertion, and no harm comes from it; but when something does go wrong in the body as a result of such extra or overexertion, the law regards it as accidental for purposes of workmen's compensation.

"It is unreasonable to hold, because . . . a fireman may run to a fire when he hears a fire alarm, that such running is his usual, ordinary, customary and everyday work. . . . To hold that while he is running he is doing only his usual, ordinary and everyday labor is to misapply the rule above mentioned." At 497-499.

Thus, the Board erred in not applying the *Foster* doctrine to the instant case.

Moreover, even had the Board sufficient reason to disregard *Foster*, it erred in its application of the standard enunciated in the recent case of *Hamilton v. Procon*, 434 Pa. 90, 252 A. 2d 601 (1969). There, the Supreme Court overruled the Board's disallowance of compensation to an employee who had suffered a heart

attack while walking to work through mud. The Board had found that " 'the effort exerted by the decedent as set forth in other findings was incidental to his employment and not unusual thereto.' " The Board reasoned that " '(t)o constitute a compensable accident in the instant case it must be shown that the work in which the employee was engaged at the time of the occurrence was of a different nature and required a materially greater amount of exertion, risk or exposure than that to which he was ordinarily subject. . . . (t)he criterion for 'unusualness' is not whether the act causing the injury is unusual generally speaking, but whether it is unusual and untoward in the course of the employment in which the employee was engaged.' "

The Court rejected this test, however, stating "the unusual strain doctrine is to be applied according to the work history of the individual involved and not according to the work patterns of his profession in general."

The disposition in the instant case does not comport with this standard.

The evidence in this case clearly reflects that the moving of the jammed emergency brake required an extraordinary effort on claimant's part. Nonetheless, the Board found that such exertion was not unusual for him. This, of course, is the standard that *Hamilton* applies. There is, however, no evidence on which such a finding can be predicated. The record only reveals that appellant was a regular driver of volunteer fire equipment, and, on occasion, entered burning buildings and used a fireman's ax. There is, however, no comparison drawn between the exertion involved in these activities and that involved in moving a jammed emergency brake which had stuck only one other time and then required the force of two men to move it. In my opinion, the effort required to perform this act would be consider-

124

ably more than the effort required of one man swinging an ax.

Accordingly, I believe that the Board's finding, which preceded publication of *Hamilton v. Procon*, did not correctly weigh the appropriate factors as outlined in that opinion.

Moreover, I believe that the Unusual Pathological Result Doctrine may have application in the instant case. In *Hamilton* the Court stated that "Under this test, recovery is allowed where a previously healthy employee suffers a heart attack or some similar illness while doing work which calls for no unusual physical strain on the ground that it is assumed that the work must have contributed to the attack since there was no history of a pre-existing pathological disorder." If the Board finds that the heart attack resulted from a strain which was normal and incident to appellant's occupation, then it would seem that the unusual pathological result doctrine would apply, if the doctrine is applied at all to heart cases. Before we pass on that question, however, the Board should have considered whether appellant had heart trouble prior to the heart attack now in question.

I would reverse the Board for the reason stated in *Foster v. State College Borough*, supra. Disregarding *Foster*, arguendo, the case should be remanded so that the Board may make a determination whether claimant has suffered a compensable accident as that term has been understood in *Hamilton v. Procon*, or whether claimant is entitled to compensation under the Unusual Pathological Result Doctrine.

CERCONE, J., joins in this dissenting opinion.