Hilt, Appellant, *v.* Roslyn Volunteer Fire Company.

150

Argued November 11, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Carl M. Mazzocone,* with him *Sheer, Mazzocone & Quinn,* for appellant.

*John F. McElvenny,* with him *Frederick W. Anton, III,* for appellee.

OPINION BY MR. JUSTICE POMEROY, October 12, 1971:

This is an appeal from the denial of benefits by the Workmen's Compensation Board to claimant who

sought to recover for a heart attack suffered on March 16, 1964 while he was acting in his capacity as a volunteer fireman. The evidence established on behalf of the claimant showed that while he was driving a twenty year old, ten ton fire truck, it became necessary to engage the emergency brake to keep the truck from slipping backward during a turn about; that the emergency brake mechanism (a lever with a push button on top) would not release readily because in the exigency of the situation it had been pulled back too far; that claimant bent over into an awkward position and exerted an additional force to free the brake lever; that in so doing, claimant suffered immediate chest pain and was hospitalized within several hours as a result of an infarct; that claimant was totally disabled from the date of the occurrence on March 16, 1964 until July 9, 1964 when he returned to work on a limited basis in his regular employment as a carpenter; and that he remained on limited duty, thus suffering a reduction in earning capacity, until September 30, 1964 when he resumed full employment with no further loss in wages.

The workmen's compensation referee made a factual determination that claimant had suffered a myocardial infarction on the day of the incident; nevertheless, he denied benefits to claimant, concluding as a matter of law that there had been no accident within the meaning of the Workmen's Compensation Act.[1] The Workmen's Compensation Board affirmed the findings of fact, conclusions of law and the order of the referee dismissing the claimant's petition. In addition, the Board specifically found as a fact that the claimant's activities

---

[1] The Workmen's Compensation Act of June 2, 1915, P. L. 736, art. III, §301(a), as amended, 77 P.S. §431, provides in part that: ". . . Compensation for personal injury to, or for the death of such employe, *by an accident,* in the course of his employment, shall be paid in all cases by the employer, without regard to negligence. . . ." [Emphasis added.]

on the date of the incident did not constitute a materially greater amount of exertion or risk than the claimant was normally required to perform in the course of his duties as a volunteer fireman, and thus his injuries were not the result of an "unusual exertion". The Board's decision was affirmed by the Court of Common Pleas of Montgomery County, sitting *en banc*, and its order was in turn affirmed by the Superior Court.[2] We granted allocatur in order to consider the claim of appellants that the Board and the courts below erred in applying the "unusual strain" doctrine to the facts of this case in that they failed to apply the standard set forth in *Hamilton v. Procon*, 434 Pa. 90, 252 A. 2d 601 (1969), a decision of this Court handed down after the commencement of the instant case, and subsequent to the date of the lower court's opinion.

In *Hamilton*, the opinion[3] reviewed the unusual strain doctrine as it has been applied in Pennsylvania, viz., that there can be no recovery unless the claimant proves that the death or injury resulted from an overexertion or unusual strain encountered in the course of the employment, and concluded that the doctrine should not be abrogated by judicial opinion.[4] It found, however, that the Common Pleas Court had erred in its understanding of the rule and therefore in its application of the rule to Hamilton's claim. The lower court

---

[2] Judge HOFFMAN filed a dissenting opinion in which Judge CERCONE joined.

[3] The opinion was by Mr. Justice JONES, joined by Mr. Justice O'BRIEN. Mr. Justice EAGEN and Mr. Justice ROBERTS concurred in the result, and Mr. Chief Justice BELL noted a dissent. Mr. Justice COHEN did not participate.

[4] The opinion of Mr. Justice JONES did, however, urge the legislature to undertake a study, not deemed feasible for a court to attempt, of the desirability of a revision in light of the latest medical knowledge. 434 Pa. at 97.

had held "that the unusualness must reside in the nature and character of the duties in the particular employment rather than in the experience of the individual". Justice JONES' opinion held, to the contrary, "that the unusual strain doctrine is to be applied according to the work history of the individual involved and not according to the work patterns of his profession in general", and approved the formulation of the rule by the Superior Court in *Pudlosky v. Follmer Trucking Co.*, 206 Pa. Superior Ct. 450, 214 A. 2d 270 (1965). 434 Pa. at 99. The appellant here contends that the Board and court below made the same error as did the lower court in *Hamilton.*

In the instant case the Board, although it spoke of the duties of volunteer firemen generally, necessarily applied the individual worker standard. In concluding that Hilt's collapse following his effort to release the hand brake was not an accident, the Board stated: "We do not believe that these events constituted an excessive work-load. Firemen, including the claimant, are constantly exposed to great physical exertion. The testimony of the claimant only shows a greater effort required to release the brake. It does not establish that the effort was *unusual to his work* generally." (Emphasis supplied.) Further, the Board concluded: "Doing an occasional act involving sustained muscular effort, though the work is hard, will not support the inference of an accident if the act is of the kind and quality usual to the employment, *and normally, part of the workman's duties.* Dolinar v. Pittsburgh Coal Corp., 140 Super. 543 (1940). We do not believe that the incidents related are so unusual as to be excluded from this category." (Emphasis supplied.) The Court of Common Pleas, likewise, was cognizant of the correct version of the unusual strain rule, and emphasized, citing *Pudlosky v. Follmer Trucking Co., supra,* that

the test for unusualness "is whether the task *was an unusual one for the claimant.*"

In this, as in other workmen's compensation cases, it is not for this Court to weigh or to evaluate the evidence or the inferences that may be drawn therefrom, but only to determine whether the Board's findings of fact are consistent with each other and with the conclusions of law, and can be sustained without a capricious disregard of competent evidence. See *Barber v. Fleming-Raugh, Inc.,* 208 Pa. Superior Ct. 230, 222 A. 2d 423 (1966); *Desiderio v. Penn Fruit Co., Inc.,* 207 Pa. Superior Ct. 468, 218 A. 2d 602 (1966); *McFarlane v. Mellon-Stuart Co.,* 205 Pa. Superior Ct. 66, 208 A. 2d 40 (1965); *Obrzut v. Olyphant Borough,* 200 Pa. Superior Ct. 241, 188 A. 2d 764 (1963); *Iezzi v. Creamer Construction Co.,* 200 Pa. Superior Ct. 265, 189 A. 2d 314 (1963). We have reviewed the Board's findings of fact and conclusions of law, including the claimant's assertion that the Board and the court below failed to apply the "unusual pathological result" test[5] to the facts of this case. We are satisfied, under the review standard above stated, that there was no error committed in denying this claimant relief.

Mr. Justice COHEN took no part in the decision of this case.

———

DISSENTING OPINION BY MR. JUSTICE EAGEN:
I dissent.

In my view, our Court should follow the lead of courts in other jurisdictions and adopt a more enlightened rule as to what constitutes an "accident." For

———

[5] The unusual pathological result test is stated in *Hamilton v. Procon, Inc., supra,* 434 Pa. at 94, footnote 2. See also *McGowan v. Upper Darby Pet Supply,* 207 Pa. Superior Ct. 329, 217 A. 2d 846 (1966), *Lingle v. Lingle Coal Co.,* 203 Pa. Superior Ct. 464, 201 A. 2d 279 (1964).

example, *see Ciuba v. Irvington Varnish & Insulator Co.*, 27 N.J. 127, 141 A. 2d 761 (1958).

Mr. Justice ROBERTS joins in this dissent.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent for the reasons expressed in the dissenting opinion in the Superior Court. See *Hilt v. Roslyn Volunteer Fire Co.*, 215 Pa. Superior Ct. 119, 120, 257 A. 2d 72 (1969) (HOFFMAN and CERCONE, JJ., dissenting).