Borough of Morrisville, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Elaine Grant, Widow of Alvin Grant, Deceased, Respondents.

Argued April 9, 1980, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Thomas R. Bond,* of counsel, *LaBrum and Doak,* for petitioner.

*Theodore M. Kravitz,* with him *Barry Ballow,* of *Ballow & Associates,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., September 23, 1980:

This is an appeal by employer Borough of Morrisville (Borough) from an award of widow's benefits under Section 307 of The Pennsylvania Workmen's

Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561. The award was on the petition of respondent Elaine Grant (claimant), who alleged that her husband, Alvin Grant, sustained a fatal heart attack while working as a volunteer fireman for the Borough. His death occurred March 21, 1971.

After the first hearing of the case, the referee denied the claim. The denial was based on the referee's conclusion that the claimant had not met her burden of proving that her husband's death was the result of a compensable "accident," within the meaning of Section 301(a) of the Act, 77 P.S. §431.[1] Also, the referee totally discounted the testimony of the claimant's medical expert because it had been given in response to a hypothetical question containing non-record facts. The referee's decision to strike that testimony came after the hearing, during which the referee had admitted the testimony over objection.

The claimant appealed the referee's decision to the Workmen's Compensation Appeal Board (Board). The Board set aside the decision and remanded the case to the referee with directions to consider certain case law relative to injuries sustained by volunteer firemen. Additionally, the referee was instructed to consider the medical testimony he had discounted. The Board rightly reasoned that it was prejudicial error for the referee to reverse his ruling on the medical testimony after the hearing had ended. That deprived claimant's counsel of the opportunity to cure any defects during the hearing itself. The Borough's appeal from that remand order was quashed by this Court on February 4, 1977.

At the remand hearing, claimant's medical expert again testified in response to a hypothetical question

---

[1] This case arose prior to the 1972 amendments to the Act, and therefore required proof of an "accident".

posed by claimant's counsel. The appellant objected to the question stating that it was not supported by the record. When the referee asked him to be more specific, counsel cryptically remarked, "I will let the record speak for itself." The referee overruled the objection.

The referee subsequently rendered a decision in favor of the claimant and consistent with the order and opinion of the Board; the Board affirmed that decision and the instant appeal followed.

The decedent was an active member of the Morrisville Volunteer Fire Company for a period of at least two years prior to his death. His regular occupation was that of a service station manager at the Pathmark Company and consisted of, as the referee found, "managerial and administrative duties requiring little physical exertion."

The activities of decedent immediately preceeding his fatal heart attack consisted of assisting the Assistant Fire Chief with a 200 foot fire hose in the course of extinguishing a small, routine brush fire. The day's temperature was between 75 and 80 degrees; and the decedent was dressed in typical fireman's gear consisting of a helmet, heavy coat and boots.

Minutes after his return to the firehouse, he collapsed and was subsequently pronounced dead upon arrival at the local hospital. The evidence established that the decedent's death was caused by acute coronary occlusion, secondary atherosclerosis and arteriosclerotic heart disease with generalized visceral congestion.

In contesting the award, the appellant asserts that the decedent's fatal heart attack was not the result of an "accident," as is required under the statute governing this claim. Specifically, the appellant raises the "unusual strain" doctrine, and contends that the decedent's heart attack was not caused by stress or ex-

ertion unusual for his duties as a volunteer fireman. Strangely, the appellant seeks support for that argument in the case of *Foster v. State College Borough,* 124 Pa. Superior Ct. 492, 189 A. 786 (1937). We read *Foster* as contravening the appellant's position. The doctrine, as set forth in the *Foster* case, considers as a compensable accident, any adverse physical reaction that occurs during a work-related activity that was not the individual's "usual, ordinary, and accustomed work."

The language of *Foster* indicates that the strain inducing activity must be compared to the individual's usual, regular or everyday work. To be considered a compensable "accident," the activity engaged in must constitute an *unusual strain* in light of the individual's work history. The determination of unusualness is not restricted to a comparison of the various duties performed by the individual only while serving as a volunteer fireman. Such a restriction is unreasonable and unfair in cases involving volunteer firemen since they normally have other full-time occupations. That is precisely why the court in *Foster* expressed disapproval of applying the rules of the unusual strain doctrine to an inherently irregular, intermittent and unusual employment such as that of a volunteer fireman. In cases involving volunteer firemen, the test for unusualness must include a comparison to the individual's regular, everyday occupation.

The appellant seeks further support for his argument in the case of *Hilt v. Roslyn Volunteer Fire Company,* 445 Pa. 149, 281 A.2d 873 (1971). The case involved a volunteer fireman who suffered a heart attack immediately after exerting extra muscular effort to free a jammed emergency brake lever on a 20 year old, ten ton fire truck. The claimant was a carpenter by profession and served as a volunteer fireman on a part-time basis only. The Board denied the claimant

benefits on the basis that the strain was not an unusual one *for the claimant.* The Supreme Court in *Hilt* decided that the Board had applied the correct standard in denying benefits to the claimant. The standard applied was whether the strain inducing activity was unusual to the claimant's work *generally.* That does not mean that the Board only considered the claimant's activities as a volunteer fireman. There is nothing in *Hilt* to suggest that the claimant's other employment as a carpenter was not considered when the Board determined whether an unusual exertion had occurred. Therefore *Hilt* does not contradict *Foster;* nor does it compel the narrow reading advanced by the Borough. We read *Foster* and *Hilt* to mean that in cases involving volunteer firemen the unusual strain doctrine is to be applied according to the total work history and employment experience of the individual, including his regular, everyday occupation.

Applying these principles to the case at hand, it follows then that the activities of the claimant on the day of his death, when compared to the sedentary nature of his everyday work, could properly be deemed to constitute an unusual strain within the meaning of the doctrine.

The additional contention raised by the appellant Borough focuses upon the manner of questioning by claimant's counsel on direct examination of his medical expert.

The appellant argues that the testimony of claimant's medical witness, Dr. Richard Helfant, was elicited in response to an improper hypothetical question and therefore should have been excluded. Respondent argues that the hypothetical question contained certain elements which were not part of the record evidence.

The general rule is that hypothetical questions must be based on matters which appear in the record

and on facts warranted by the evidence. *Bambrick v. Asten Hill Manufacturing Co.*, 5 Pa. Commonwealth Ct. 664, 291 A.2d 354 (1972) affirmed in part, reversed in part (on other grounds), *Utter v. Asten-Hill Manufacturing Co.*, 453 Pa. 401, 309 A.2d 583 (1973).

At the original hearing in the instant case, Dr. Helfant was asked to assume that the decedent was required to move his body through fairly tall weeds and that he was required to run with the full 250 foot length of hose. A review of the record reveals that neither of those assumed "facts" become part of the record. We agree with the Board, however, that it was error for the referee to overrule appellant's objection to the question at the first hearing and thereafter disregard the testimony when making his final decision. A similar hypothetical was directed to the witness at the remand hearing. However, we must further agree with both the Board and referee that appellant's objection to that hypothetical was insufficient. Appellant now contends that his objection should have been sustained because of the improper form of the question. But appellant failed to raise at that time the specific elements of the question which he now alleges to be improper. In our opinion appellant had a duty to designate those elements at the remand hearing, thereby giving the claimant an opportunity to correct the hypothetical if, in fact, it was defective. *Castor v. Ruffing*, 178 Pa. Superior Ct. 124, 112 A.2d 412 (1955).

It is conceded that the hypothetical questions posed to the medical witness, both at the original hearing and on remand, assumed certain facts not in evidence and were unusually lengthy. We note parenthetically that the propensity of claimant's counsel to frame fact patterns in what might be called the style of a novelist is evident in his brief as well. However, where as in this case, a remand hearing was held and counsel failed on remand to specifically restate the original basis for

the objection, the reviewing court may not assume that appellant was insisting on his initial objection. The Superior Court of Pennsylvania has held that absent a definitive statement of the particular grounds for objection, the points are not preserved for appellate review. *Sunseri v. RKO-Stanley Warner Theatres, Inc.,* 248 Pa. Superior Ct. 111, 374 A.2d 1342 (1977). Appellant cannot simply wait until the appeal to raise the particulars of the matter. An appellate brief is not the proper device for raising an objection not properly made below. Where no proper objection was taken to testimonial evidence presented at the hearing, the propriety of the admission of that evidence cannot be considered on appeal. *See, Workmen's Compensation Appeal Board v. Jeddo Coal,* 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975).

Furthermore, only a portion of Dr. Helfant's testimony was given in response to the hypothetical question. We have carefully reviewed the record and find other unequivocal testimony sufficient to sustain the referee's finding of a causal connection between decedent's activities on March 21, 1971, and his subsequent death.

The decision of the referee, as affirmed by the Board, is fully supported by the evidence of record and is consistent with the applicable law. Accordingly, the Board's decision is affirmed.

## ORDER

AND Now, the 23rd day of September, 1980, the order of the Workmen's Compensation Appeal Board dated September 25, 1978, granting benefits to Elaine Grant, widow of Alvin Grant, deceased, is affirmed.

It is ordered that judgment be entered in favor of Elaine Grant and against the Borough of Morrisville and/or its insurance carrier. The defendant Borough and/or its insurance carrier are directed to pay com-

pensation to claimant Elaine Grant at the rate of $60.00 per week from March 22, 1971 to August 30, 1977 (on behalf of claimant and her four children); compensation at the rate of $60.00 per week beginning August 31, 1977 to March 7, 1980 (on behalf of the claimant and her three children); compensation at the rate of $54.00 per week beginning March 8, 1980 to September 30, 1985, (on behalf of the claimant and her two children); compensation at the rate of $46.00 per week beginning October 1, 1985 to December 15, 1987, (on behalf of the claimant and her one eligible child); compensation at the rate of $39.00 per week beginning December 16, 1987 and to continue such compensation for the duration of the widowhood. Interest is assessed on all deferred payments on compensation at the rate of six per cent (6%) per annum. Defendant is further ordered and directed to pay to the claimant $750.00 in funeral expense.