Sofia Serafin, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and The School District of Philadelphia, Respondents.

414

Argued Septemer 17, 1981, before President Judge
CRUMLISH, JR. and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*S. Regen Ginsburg,* for petitioner.

*Robert T. Lear,* for respondent, The School District of Philadelphia.

OPINION BY JUDGE MACPHAIL, November 16, 1981:

Sofia Serafin (Appellant) appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) which reversed the decision of a referee granting workmen's compensation benefits and dismissed Appellant's claim petition.

Appellant worked for the School District of Philadelphia (District) as a teacher's aide at the Calvary Episcopal Church in the District's Get Set Program from the fall of 1974 through November 1, 1977. During this three-year period, Appellant alleges that she was subjected to continuous harassment by co-workers, which she contends was racially based,[1] which ultimately caused Appellant to become totally disabled in November, 1977.

Appellant filed a claim petition on January 25, 1979. After conducting four hearings on the petition, the referee granted workmen's compensation benefits after finding that Appellant had developed a "psychoneurosis" as a result of her employment which caused her to become completely disabled in November, 1977. On appeal, the Board reversed the referee's decision finding, inter alia, that the referee had relied on an improper hypothetical question posed to Appellant's treating physician, Dr. Boerner, and that the referee failed to identify Appellant's "injury" in his findings of fact.

The issues presented for our disposition in the instant appeal are: 1) whether the Board erred in reversing the referee's finding that Appellant met her burden of proving a work-related injury; 2) whether the Board erred in finding the hypothetical question posed to Appellant's physician improper; and, 3)

---

[1] The referee found that Appellant, who is Greek and has a limited command of the English language, was the only white teacher's aide assigned to the predominantly black Get Set Program located at the Calvary Episcopal Church.

whether the Board should have remanded the matter to the referee for further proceedings with respect to the hypothetical question.

With regard to the issue of whether Appellant met her burden of proving a work-related injury, this Court has recognized that since Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act)[2] no longer requires that an "injury" be to the "physical structure of the body," work-related mental illness can be a compensable injury. *University of Pittsburgh v. Perlman,* 49 Pa. Commonwealth Ct. 347, 405 A.2d 1048 (1979). Where, as here, there is no obvious causal relationship between a claimant's work and her injury, unequivocal medical evidence must be produced to establish the causal connection. *United States Steel Corp. v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 250, 422 A.2d 1243 (1980). Section 301(c)(1) of the Act also requires that an injury arise in the course of employment in order for it to be compensable. *Lanzarotta v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 284, 400 A.2d 697 (1979).

Appellant attempted to meet her burden of proving a work-related injury through the medical testimony of her treating physician. The District presented no medical evidence in rebuttal. The referee accepted the testimony of Appellant's medical witness, characterizing the testimony as follows:

10. The uncontraverted [sic] medical testimony of Herman F. Bernard [sic], M.D., a Board Certified Psychiatrist, was that Claimant's disability—injury was caused by the conditions of her employment, resulting in the complete breakdown of the Claimant's emotional and mental state.

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

We have thoroughly reviewed the testimony of Dr. Boerner and have failed to discover support for the referee's finding. Rather, our review of the record discloses that the sole source of medical testimony on the issue of causation was Dr. Boerner's response to the hypothetical question posed by Appellant's counsel. While that question has been challenged by the District, we conclude, for reasons which will follow, that the District has waived its rights to pursue its challenge to the hypothetical in this appeal. The hypothetical question included assumptions, based on evidence of record, that Appellant, during her employment with the District, had been subjected to on the job harassment by fellow employees which culminated in an assault by a custodian of the church in which the Get Set Program operated. The question also assumed as fact that the assault occurred while Appellant was returning home from work and, specifically, while she was waiting at a bus stop for public transportation. Furthermore, the record is clear that the custodian was an employee of the Episcopal Church and was *not* an employee of the District.

Following the recitation of assumed facts, counsel posed the following question to the medical witness:

> Based upon your background and your examination, records, your years of study, and the facts given, Doctor, with or to a reasonable degree of medical certainty, can you express an opinion as to whether *this incident, this striking by this custodian,* was the precipitating factor that resulted in Mrs. Serafin's present disability? (Emphasis added.)

The response given by Dr. Boerner was:

> A. . . . I believe this is the precipitating event, yes.

Although this testimony is certainly unequivocal, we note that the causal connection which is estab-

lished thereby is between the mental illness of Appellant and the actions of a third person which occurred off the employer's premises. While the referee stated in his findings that he accepted the testimony of Appellant's medical witness, he made no finding relative to the assault incident.

In our opinion the medical testimony on causation clearly raises the issue of whether the assault, which Dr. Boerner testified was the "precipitating event" resulting in Appellant's disability, occurred in the course of Appellant's employment. The question of whether an employee was in the course of her employment when she was injured is a question of law to be determined on the basis of fact findings. *Davis v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 262, 398 A.2d 1105 (1979). Since the referee made no findings on this crucial issue we must remand for further proceedings. *Dunlap v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 19, 330 A.2d 555 (1975). We note, however, that the law is clear that an employee who is injured while going to or returning from work, absent special circumstances, is not engaged in furthering the business of his employer. *Workmen's Compensation Appeal Board v. Hickory Farms of Ohio,* 28 Pa. Commonwealth Ct. 30, 367 A.2d 730 (1976).

With regard to the hypothetical question posed by Appellant's counsel to her medical witness, it is well settled that hypothetical questions must be based on matters which appear of record and on facts which are warranted by the evidence. *Borough of Morrisville v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 41, 419 A.2d 813 (1980) and *Med-Mar, Inc. v. Dilworth,* 214 Pa. Superior Ct. 402, 257 A.2d 910 (1969). The District argues that the hypothetical question at issue included at least five

elements which do not appear of record.[3] We need not rule on the merits of the District's argument because the objection made at the hearing during which the question was posed was general in nature and, thus, insufficient. The District had the duty at the time it made the objection to specifically identify those elements in the hypothetical which it now challenges as improper. If the District had done so, Appellant's counsel would have had the opportunity to correct the alleged defects. *Borough of Morrisville*, 54 Pa. Commonwealth Ct. at 47, 419 A.2d at 817. Absent a proper objection at the hearing to the evidence presented, the propriety of the admission of the evidence may not be considered on appeal. *Id.* at 48, 419 A.2d at 817. Accordingly, we conclude that the referee committed no error in effectively overruling the objection and therefore we must reverse the Board's conclusion that the hypothetical question should be excluded.[4]

We have already concluded that we must remand this matter for findings on the issue of whether Appellant was injured in the course of her employment. We believe additional matters should also be addressed upon remand. First, the following fact findings of the referee are clearly inconsistent:

> 8. On numerous occasions *subsequent to November 1, 1977,* Claimant's injury was aggrevated [sic] and intensified *each day that she*

---

[3] Among the challenged facts included in the question were the assumptions that Appellant began to experience severe headaches, tightness in her chest and a diminished libido after her return to work in June, 1976 following an extended absence and that she returned to work in June, 1976 despite a need for rectal surgery in addition to a hemorrhoidectomy which had been performed on Appellant in June, 1975.

[4] Our resolution of this issue renders it unnecessary to address the final issue presented by Appellant.

*went to work,* each daily exposure to her work environment operating as a continuing injury.

. . . .

11. Claimant's disability still persists and *she has been unable to perform the duties of her occupation* or any other fainful [sic] employment *since November 1, 1977,* and continuing thereafter until the present time and into the future.

Furthermore, the referee in his ninth finding of fact identified Appellant's injury as "a psychoneurosis."[5] We have failed to locate any reference to "psychoneurosis" in the record. The medical diagnosis made by Appellant's treating physician was that she suffers from "involutional psychosis." These inconsistencies should be clarified on remand. Finally, we note that the Board erroneously stated in its decision that Appellant alleges in her claim petition that she was assaulted on November 18, 1977. Appellant amended her petition at a hearing held before the referee on May 16, 1979 to recite that the assault actually occurred on November 1, 1977. The amendment was accepted by the referee without objection.

Accordingly, we will reverse the order of the Board dismissing the claim petition and remand for further proceedings consistent with the foregoing opinion.

ORDER

AND Now, this 16th day of November, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-78858, dated October 20, 1980, is hereby reversed and the case is remanded for further proceedings consistent with the foregoing opinion.

---

[5] We must, therefore, disagree with the Board which found that the referee failed to identify Appellant's injuries.