Holy Family College et al., Petitioners *v.* Workmen's Compensation Appeal Board (Halyna Kycej), Respondents.

Argued April 2, 1984, before Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*L. Oliver Frey,* with him, *Roger B. Wood* and *David L. Pennington, Harvey, Pennington, Herting & Renneisen, Ltd.,* for petitioners.

*Richard Carl Smukler,* for respondent, Halyna Kycej.

OPINION BY JUDGE PALLADINO, July 20, 1984:

Petitioners (Holy Family College (College) and its insurer, Continental Insurance Company) appeal here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's granting of death benefits to Halyna Kycej (Claimant), the widow of Emil Kycej (Decedent).

The Decedent was employed by the College as a maintenance man since 1956. After arriving at work on February 5, 1975, the Decedent, wearing heavy boots and an overcoat, walked approximately two blocks through newly fallen snow, unlocked and lifted the door to the garage, mounted and started a tractor and began moving snow. Sometime thereafter, the tractor was found up against the wall of a building with the Decedent slumped over the steering wheel unconscious. The Decedent was taken to a hospital where he was pronounced dead. The death certificate listed the cause of death as a myocardial infarction.

Claimant filed a fatal claim petition under the provisions of The Pennsylvania Workmen's Compensation Act (Act)[1] alleging that the Decedent sustained a work-related injury which resulted in his death. At hearings before the referee Claimant presented the deposition testimony of the Decedent's treating physician, Dr. Harman.[2] Based on the testimony of Claimant and Dr. Harman, the referee found that the Decedent had sustained a work-related injury and awarded death benefits to Claimant.

On appeal by Petitioners, the Board concluded (1) that the referee's finding of a causal relationship between the Decedent's work and his heart attack was not supported by unequivocal medical testimony and

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1601.1.

[2] The Decedent suffered from artereosclerotic heart disease.

(2) that a remand was required to allow both the referee and Claimant the opportunity to "meet the sterner judicial standard, made more evidently a requirement by the decision in Rosenberry."[3]

On remand, Claimant presented the testimony of its medical expert, Dr. Harman. Petitioners offered no new evidence. In his second decision the referee again found that the Decedent sustained a work-related injury and awarded death benefits to Claimant. On appeal the Board took no additional evidence and affirmed the referee's decision.

Before this Court Petitioners contend: (1) that under the circumstances of this case the Board erred in remanding to the referee; (2) that the referee relied on an improper hypothetical question posed to Claimant's medical expert; and (3) that the referee's finding that a causal relationship existed between the Decedent's work and his injury is not supported by unequivocal medical testimony.

With respect to the remand question, "the Board's power to remand cases to the referee . . . [is] limited to two instances: (1) where the findings of the referee are not supported by competent evidence or (2) where the referee has failed to make a finding on a crucial issue, necessary for the proper application of the law." *LoRubbio v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 529, 532, 411, A.2d 866, 867 (1980); *See Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

---

[3] In *Rosenberry Brothers Lumber Co. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 283, 387 A.2d 526 (1978), this Court reaffirmed the doctrine that in the absence of an obvious causal connection between work activities and an injury, unequivocal testimony must be presented.

In the present case the Board's remand order and accompanying opinion explained that a remand was necessary because the referee's finding of the causal nexus between the Decedent's work and his heart attack was not supported by competent evidence. When asked by way of deposition whether the events on the day in question would cause sufficient enough stress so as to cause the Decedent's death, Dr. Harman responded:

A. I believe that given that type of information, the information you have just given me, knowing the patient, and his problems, I would say there was sufficient strain to use a word—strain—that could have caused this gentleman to initiate the proper sequence of events leading up to an infarction.

Dr. Harman's deposition testimony further provides:

Q. Doctor, in fact, hypothetically, were your patient to have walked across a small field of calf deep snow, could that have caused the stressful condition necessary to bring on his decease?

A. It possibly could.

Q. If it were to be shown that Mr. Kycej had to lift up a pull-up garage door, could that have caused sufficient stressful condition to bring on his decease?

A. Possible.

. . . .

Q. A combination of all these stressful factors, exertions, that is, putting on the boots, putting on the overcoat, walking across the field of snow, lifting up a garage door; could this be sufficient to bring on his decease.

A. I would say, yes.

Under the Act unequivocal medical testimony is needed to prove the causal relationship between a claimant's work and his injury when such relationship is not obvious. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 392, 453 A.2d 370 (1982).[4] Because it was not clear whether there was competent evidence to support the referee's finding on causality and because the Board is empowered to remand to the referee for further hearings where the referee's findings are not supported by competent evidence, the Board properly remanded to the referee in this instance.

With respect to the hypothetical question posed by Claimant's counsel to Dr. Harman, it is well settled that hypothetical questions must be based on matters which appear of record and on facts which are warranted by the evidence. *Borough of Morrisville v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 41, 419 A.2d 813 (1980). Petitioners argue that the hypothetical question at issue includes at least two elements which do not appear of record. Petitioners primary challenge is directed at that part of the hypothetical which assumed that the Decedent attached the snow plow to the tractor. Petitioners allege (1) that this fact does not appear of record, and (2) that the uncontradicted testimony of the College's plant engineer was that the plow was attached to the tractor in November, 1974, and was not removed on a day to day basis.

A review of the record reveals that this assumed "fact" is not part of the record and, at the time the hypothetical was posed, Petitioner's counsel objected.

---

[4] "Unequivocal medical testimony" is a medical expert's testimony that in his professional opinion the claimant's "condition . . . did [in fact] come from the work experience." *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board,* 77 Pa. Commonwealth Ct. 202, 465 A.2d 132, 134 (1983).

However, the basis for his objection was not that this fact was not part of the record. Rather, the basis for his objection was that the record did not contain specific details as to what was physically involved in attaching the plow and whether the Decedent had any assistance. The referee overruled Petitioner's counsel's objection noting that inasmuch as this was a death claim, that person who would be best able to provide these details was obviously not able. The referee concluded that reliance would have to be placed on Claimant's testimony and circumstantial evidence.

A party objecting to the propriety of a hypothetical question must specifically identify those elements being challenged so as to allow opposing counsel an opportunity to correct the alleged defects. *Serafin v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 413, 436 A.2d 1239 (1981). The party must also definitively state the particular grounds for the objection so as to preserve those points for appellate review. *Borough of Morrisville*. Moreover, the rule is well settled that where the grounds upon which an objection to evidence is based are specifically stated, all other reasons for exclusion are waived and may not be raised on appeal. *Commonwealth v. McNeal*, 456 Pa. 394, 319 A.2d 669 (1974). Thus, where, as here, the grounds for objecting to a hypothetical question on appeal are different from those asserted before the referee, the propriety of the question will not be considered on appeal.

Petitioner further alleges that that portion of the hypothetical which stated that the snow on the day in question was "calf deep" is not contained in the record. A review of the record reveals that Claimant, when questioned on the depth of the snow, testified that "it was half to the boots". Claimant then demonstrated to the referee that the snow came halfway

between her knee and her foot. Of course, snow that was "calf deep" to Claimant may not have been the same to the Decedent. However, we do not believe a couple inches to be so significant so as to render the hypothetical improper. Thus, the use of the term "calf deep" was not inappropriate.

Petitioners' final contention is that the referee's finding that a causal relationship existed between the Decedent's work and his heart attack is not supported by unequivocal medical testimony. In answer to the hypothetical question posed by Claimant's counsel, Dr. Harman testified:

A.   It is my medical opinion with all certainty that the events which took place on the day of Mr. Kycej's death caused the myocardial infarction to occur.

Petitioners contend that this testimony is equivocal because Dr. Harman's reference to the "events which took place" on the day of the Decedent's death encompasses that time prior to when the Decedent came to work. Our review of Claimant's testimony indicates that the only other "events" occurring prior to the Decedent coming to work was that he awakened at 5:00 AM and was driven to work at 6:30 AM. Moreover, Dr. Harman's testimony was in response to the hypothetical in which the only reference to "events" prior to the Decedent coming to work was the fact that he did not shovel snow and was driven to work. Thus, it is quite clear that Dr. Harman was referring only to the events which took place while the Decedent was at work. We find Dr. Harman's testimony on the causal relationship between the Decedent's work and his heart attack to be unequivocal and we must therefore conclude that there is substantial evidence in the record to uphold the referee's award.

Accordingly, the Board's order is affirmed.

ORDER

AND Now, July 20, 1984, the order of the Workmen's Compensation Appeal Board, No. A-81252, in the above-captioned matter is affirmed.