School District of Philadelphia, Appellant *v.* Scott Puljer, Appellee.

Argued June 4, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Eugene F. Brazil,* General Counsel, for appellant.

*Jack J. Bulkin,* for appellee.

OPINION BY JUDGE PALLADINO, October 21, 1985:

The School District of Philadelphia (District) appeals from a decision of the Court of Common Pleas of Philadelphia (trial court) which reversed a decision of the District's Board of Education (Board) dismissing Scott Puljer (Appellee) from his position as Custodian I. For the reasons set forth below, we reverse the trial court and reinstate the dismissal.

Appellee worked as a custodian at the Mayfair School, which is part of the District. On June 18, 1980, Appellee was arrested at the school and charged with the possession of a controlled substance. This arrest was based upon a search of Appellee's apartment during which a number of items were discovered, among them Methamphetamine, a Schedule II controlled substance and Methyprylon, a Schedule III controlled substance.[1] Appellee was assigned to the Accelerated Rehabilitative Disposition (ARD) program and placed on non-reporting probation for six months.

The District notified Appellee that it was recommending the termination of his employment as a re-

---

[1] *See* Section 4 of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-104.

sult of the charges brought against him. A hearing was held before the Board's hearing officer who recommended that Appellee be dismissed in accordance with Section 514 of the Public School Code of 1949,[2] because of his possession of a controlled substance. The Board adopted the decision of the hearing officer.

On appeal, the trial court did not take any additional evidence. It reversed the decision of the Board, holding that the language in Section 514 was "intended to cover only conduct on or about school property or which pertains to school business or activities." Because Appellee's possession of controlled substances was neither on school property nor affected his conduct as an employee, the trial court ordered Appellee to be reinstated. This appeal followed.

Our scope of review in a local agency appeal where the trial court takes no additional evidence is limited to determining whether the Board's decision violated constitutional rights, was not supported by substantial evidence, or whether the Board committed an error of law. 2 Pa. C. S. §754.

Section 514 provides that a board of school directors has "the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct."

We vigorously disagree with the trial court's interpretation of this section. The trial court's holding that improper conduct must occur on or about school property is wholly without foundation in the statutory language. No qualification is attached to the phrase "other improper conduct". The School

---

[2] Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §5-514.

Board has discretion in deciding what conduct is improper for its employees who act as adult models for school children. To limit this discretion because of the location or effect of the conduct is not reasonable, and is inconsistent with this Court's case law. *See, e.g., Lesley v. Oxford Area School District,* 54 Pa. Commonwealth Ct. 120, 420 A.2d 764 (1980) (teacher's dismissal for shoplifting at a supermarket upheld as immoral conduct).

We hold that whether improper conduct takes place on or off school property or whether it affects job performance is irrelevant. The only question presented to the Board was whether Appellee's possession of controlled substances constituted improper conduct. We hold that it did.

The Board found that Appellee was in possession of controlled substances. This finding is amply supported by testimony in the record. This finding supports the Board's dismissal of Appellee for improper conduct. *See Warren County School District v. Carlson,* 53 Pa. Commonwealth Ct. 568, 418 A.2d 810 (1980).

Having found no error of law, violation of constitutional rights or lack of evidence to support the Board's decision, we reverse the trial court and reinstate the Board's dismissal of Appellee, Scott Puljer.

ORDER

AND Now, October 21, 1985, the decision of the Court of Common Pleas of Philadelphia, at No. 4406 June Term 1981 is reversed. The decision of the Board of Education of the School District of Philadelphia dismissing Appellee Scott Puljer is reinstated.