508 A.2d 633

## City of Philadelphia, Civil Service Commission, Appellant *v.* Edward Lewis, Appellee.

Argued November 14, 1985, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Valerie West*, with her, *Barbara W. Mather*, City Solicitor, and *Ralph J. Teti*, Divisional Deputy City Solicitor.

*Julian C. Wessell, III*, with him, *Maureen A. Murray*, for appellee.

OPINION BY JUDGE PALLADINO, April 30, 1986:

The City of Philadelphia (City) appeals from an order of the Court of Common Pleas of Philadelphia (trail court) which reversed a Philadelphia Civil Service Commission (Commission) decision dismissing Appel-

lee, Edward Lewis, from the police force, and reinstated Appellee. For the reasons set forth below, we reverse the trial court and reinstate the Commission's decision.

Appellee was charged by the Police Department with (1) disobedience of orders; (2) neglect of duty; and (3) conduct unbecoming an officer. These charges arose from Appellee's improper use of the radio in his patrol car on February 9, 1982 and February 10, 1982. The Police Department had installed a channel guard radio on Appellee's patrol car, which permitted the monitoring of all broadcasts from the radio, and from which tapes were made. On the days in question, Appellee was taped broadcasting clicking noises (made by repeatedly pressing the transmit key), whistling, making other noises and saying "beautiful" several times on the air. Whenever a patrol car radio transmits, it prevents officers in other patrol cars from broadcasting or receiving calls. Appellee was dismissed from the force because he had intentionally interfered with legitimate police radio broadcasts while on duty.

Appellee appealed his dismissal to the Commission. At the hearing, edited versions of master tapes of Appellee's broadcasts were admitted without objection. The Commission, after reviewing the tapes, stated that as fact-finder it was convinced that the radio transmissions from Appellee's patrol car were deliberately caused. The Commission upheld the dismissal, and Appellee appealed to the trial court.

The trial court took no additional evidence, and held that the Commission erred in allowing the tapes of Appellee's broadcast to be admitted. The trial court found that, without the tapes, the record does not contain substantial evidence to support the Commission's decision. The trial court, therefore, reversed the decision and reinstated Appellee with back pay.

The City has appealed from this reinstatement,[1] and asserts chiefly that the Commission properly exercised its discretion by admitting the tapes, so that the record does contain substantial evidence to support the dismissal. The City also argues that Appellee's failure to object to the tapes when they were offered into evidence waives the issue for purposes of appeal. We find the latter argument to be dispositive.

The failure to object to the tapes at the Commission hearing operates to waive objection on appeal to the admission of the tapes. *See Holy Family College v. Workmen's Compensation Appeal Board (Kycej),* 84 Pa. Commonwealth Ct. 109, 479 A.2d 24 (1984). The trial court improperly considered the propriety of the admission of the tapes in its decision. For this reason, we must reverse the decision of the trial court which held that the tapes were erroneously admitted.

Viewing the record as a whole, with the inclusion of the tapes, we conclude that substantial evidence supports the Commission's decision. The order of the trial court reinstating Appellee is reversed, and the decision of the Commission, dismissing Appellee, is reinstated.

ORDER

AND NOW, April 30, 1986, the order of the Court of Common Pleas of Philadelphia at No. 2536, January Term 1983, dated October 31, 1984, is reversed. The decision of the Civil Service Commission of Philadelphia, dismissing Appellee Edward Lewis, is reinstated.

---

[1] Our scope of review in local agency appeals, where the trial court has taken no additional evidence, is limited to determining whether the Commission's decision violated constitutional rights, was not supported by substantial evidence, or whether the Commission committed an error of law. 2 Pa. C. S. §754; *School District of Philadelphia v. Puljer,* 92 Pa. Commonwealth Ct. 329, 500 A.2d 905 (1985).

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

The imposition of a suspension or a dismissal is discretionary with the Civil Service Commission (Commission). However, the exercise of this discretionary power must be reasonable. If there is a manifest abuse of discretion in the imposition of a penalty, I believe this court is duty bound to order a reconsideration so that justice will prevail. *See Benford v. Real Estate Commission*, 8 Pa. Commonwealth Ct. 89, 300 A.2d 922 (1973).

In *Meitner v. State Real Estate Commission*, 1 Pa. Commonwealth Ct. 426, 275 A.2d 417 (1971), this court found that a penalty imposed on a licensed real estate broker by the State Real Estate Commission for an admitted violation of the law was harsh under the circumstances, and remanded the case to the State Real Estate Commission for a reconsideration of the penalty imposed.

The Civil Service Commission's penalty in this case is too severe. I do not believe that the charges against the appellee warrant a dismissal. The Commission would have been justified in suspending the appellee, but under these circumstances, a dismissal was an abuse of discretion. Accordingly, I believe the order of the trial court should be vacated, and the record remanded for reconsideration of the penalty.