532 A.2d 526

First National Bank of Dunmore and its Insurance Carrier, Selected Risks Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Trotta), Respondents.

Argued September 14, 1987, before Judges MAC-PHAIL, PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*J. Scott Brady, O'Malley, Harris & Schneider, P.C.,* for petitioners.

*Gregory D. Geiss,* with him, *Cal A. Leventhal,* for respondent.

OPINION BY JUDGE MACPHAIL, October 21, 1987:

Petitioners First National Bank of Dunmore (Employer) and Selected Risks Insurance Company, Employer's insurance carrier, appeal an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to grant the fatal claim petition of Dorothy V. Trotta (Claimant) filed upon the death of her husband, Roland A. Trotta. We affirm.

According to the referee's findings of fact, prior to Mr. Trotta's death on October 14, 1982, he had been employed by Employer approximately twenty-one years, working his way up from bookkeeper to vice president. In October, 1981, Mr. Trotta was transferred to a new branch established by Employer in the City of Scranton to be the branch manager. Mr. Trotta had refused previously to accept such a transfer when the branch opened in September, 1980.

In his new position, Mr. Trotta was expected to generate business for the branch and, as found by the referee, he became more active socially, joining new business and civic organizations. On the night before Mr. Trotta's death, he attended a United Way awards dinner along with other bank employees, and then went with the group for a drink at an establishment owned by a bank customer. Mr. Trotta returned home about 1:00

a.m., slept approximately four and a half hours, and then arose at 6:00 a.m. in order to be in Hershey, Pennsylvania for a 10:00 a.m. meeting of the American Institute of Banking. Later that day, while at the meeting, which the referee found to be required by his position with Employer, Mr. Trotta suffered a fatal heart attack.

On May 16, 1983, Claimant filed a fatal claim petition alleging that her husband's death resulted from an aggravation of a pre-existing heart problem caused by the stress and strain of his employment.[1] The referee awarded death benefits to Claimant, concluding that Mr. Trotta's death resulted from a heart attack which was causally related to his employment. The Board affirmed the referee's decision.

Employer's initial argument on appeal is that the referee erred as a matter of law in overruling an objection to a hypothetical question, which Employer asserts was based upon hearsay, asked by Claimant of her medical witness.

It is well settled that, as a general rule, hypothetical questions must be based on matters which appear in the record and on facts warranted by the evidence. *Borough of Morrisville v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 41, 419 A.2d 813 (1980). Employer's argument here is that the hypothetical question asked of Claimant's medical witness, Dr. Preli, contained a series of "hearsay statements" taken from Claimant's own testimony regarding her husband's work activities and that these statements do not properly appear in the record.

We find it unnecessary to rule on the competency of the evidence upon which the hypothetical was based. As this Court held in *Serafin v. Workmen's Compensa-*

---

[1] Mr. Trotta suffered a prior heart attack in December, 1977, and had a cardiac catheterization in July, 1978.

*tion Appeal Board,* 62 Pa. Commonwealth Ct. 413, 436 A.2d 1239 (1981), when a party objects to a hypothetical question, that party has a duty to specifically identify those elements of the question which it now challenges as improper. In the case at bar, Employer's counsel objected to the form of the question "based on the fact that there are facts that are not contained in the hypothetical that should be contained."[2] Counsel later objected once again, "based on the fact that all pertinent facts are not contained in the hypothetical."[3]

Employer's objection to the hypothetical question was, we believe, general in nature and, therefore, insufficient under *Serafin.* The challenging party must definitively state the particular grounds for the objection in order to preserve those points for appellate review. *Holy Family College v. Workmen's Compensation Appeal Board (Kycej),* 84 Pa. Commonwealth Ct. 109, 479 A.2d 24 (1984). Absent a *proper* objection at the hearing, we may not consider the propriety of the admission of the evidence on appeal. *Serafin.*

Moreover, there was no objection in the instant case to the hypothetical based on hearsay, the grounds on which Employer challenges the hypothetical on appeal. As we previously have stated, "where, as here, the grounds for objecting to a hypothetical question on appeal are different from those asserted before the referee, the propriety of the question will not be considered on appeal." *Holy Family College,* 84 Pa. Commonwealth Ct. at 115, 479 A.2d at 28.

We, accordingly, conclude that the referee herein did not err as a matter of law in overruling Employer's objection to Claimant's hypothetical question.

---

[2] Deposition of Olindo J. Preli, M.D. at 10, Reproduced Record (R.R.) at 86a.

[3] Deposition at 11, R.R. at 87a.

The next issue raised by Employer is whether the referee's findings of fact regarding Mr. Trotta's emotional state after his transfer to the Scranton Branch are supported by substantial evidence. Employer argues that the findings were based on the hearsay evidence of Claimant and her daughter, Lisa Trotta, which, it asserts, cannot constitute substantial evidence. We do not agree.

First of all, the Board and the referee are not bound by the common law or statutory rules of evidence in the course of workmen's compensation hearings. *Bigler v. Workmen's Compensation Appeal Board (Bristol Township)*, 96 Pa. Commonwealth Ct. 642, 508 A.2d 635 (1986); Section 422 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §834. Further, in workmen's compensation proceedings, hearsay testimony, if relevant and material to facts at issue, may be considered for the additional light it sheds on the matter. *Huff v. Workmen's Compensation Appeal Board (Ingalls Steel of Pa.)*, 70 Pa. Commonwealth Ct. 646, 453 A.2d 753 (1982).

Employer argues that the following paragraphs from finding of fact No. 11 are based solely on the hearsay testimony of Claimant and Lisa Trotta:

(b) That the responsibilities and duties of the decedent's work activities which he performed and were required of him by the Defendant when transferred to the Scranton Branch as manager after twenty-one (21) years with the bank in Dunmore, did cause decedent to become angered and emotionally upset over this transition.

(c) From October, 1981 to October 14, 1982, decedent's work activities, responsibilities and duties required of him in the Scranton Branch, becoming more socially active in various associ-

ations and meetings in order to acquire new accounts, was causally related to the decedent to undergo a personality change, become nervous, less tolerant to family situations, unhappy, causing him to take more frequent medication consisting of Valium for nerves and Nitroglycerin pills for his heart, than he had in the past when employed as First Vice-President of the Dunmore Bank. The culmination of all the decedent's work duties, responsibilities at the Branch Bank, as well as the steps taken by the Defendant transferring the decedent to said branch bank, did aggravate and was causally related to further cardiac damage to the decedent.

The asserted hearsay, on which these findings are based, consists of Claimant's and her daughter's testimony regarding statements made by Mr. Trotta concerning his unhappiness and tiredness since his transfer to Scranton.

We cannot accept Employer's arguments that the testimony of Claimant and her daughter, the two persons perhaps best qualified to testify concerning Mr. Trotta's state of mind prior to his death, was based on hearsay statements and not personal observation. Claimant testified, from her own observations, that her husband appeared to be under more pressure in Scranton than he had been in Dunmore based on changes in his personality which included becoming more quiet, unhappy and tired. *See* Notes of Testimony from November 29, 1983 (N.T.) at 24. She also testified that she had discovered that Mr. Trotta had been taking Valium since the transfer. N.T. at 20.

Lisa Trotta, who lived at home with her parents, also testified that she observed a personality change in her father. She stated that he got very quiet after the transfer and stopped joking around with her about the job, as

he had done previously. N.T. at 54. Further, Lisa Trotta testified from personal experience concerning her father's increased duties at the Scranton branch and the added pressures of the new job.[4] N.T. at 52-55.

We, therefore, conclude that the testimony of Claimant and Lisa Trotta was competent and provided substantial evidence to support the referee's findings of fact regarding Mr. Trotta's job-related stress.

Employer's final argument is that Mr. Trotta's death is not compensable because his fatal heart attack resulted from a subjective response to normal working conditions and not from an aggravation of a pre-existing condition caused by work-related stress as found by the referee. For the reasons set forth below, we disagree.

In arguing that Claimant is not entitled to benefits for the death of her husband, Employer relies on a line of cases of this Court in which we have held consistently that "failure to show more than a subjective reaction to being at work and being exposed to normal working conditions will not support a finding that the claimant sustained a compensable injury under the Act." *Moonblatt v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 85 Pa. Commonwealth Ct. 128, 130, 481 A.2d 374, 375 (1984). *Accord Hirschberg v. Workmen's Compensation Appeal Board (Department of Transportation)*, 81 Pa. Commonwealth Ct. 579, 474 A.2d 82 (1984); *Thomas v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980). These cases, however, involve *mental* illness or *psychiatric* disability and are, therefore, inapposite to the case at bar. As Mr. Trotta's heart attack was a *physical* injury, we reject Employer's argument and will not apply the "subjective reaction" standard.

---

[4] Lisa Trotta was also an employee of First National Bank of Dunmore and transferred to the Scranton branch when her father was transferred there.

Claimant, of course, bears the burden of proving that her husband's death occurred in the course of his employment and was related thereto. *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981). In order for the fatal heart attack to be compensable under the Act, she, furthermore, must establish a causal connection between her husband's employment and the attack, and if not obvious, the connection must be proved by unequivocal medical testimony. *Lamoreaux v. Workmen's Compensation Appeal Board (Celotex Corp.)*, 92 Pa. Commonwealth Ct. 1, 497 A.2d 1388 (1985).

In the case before us, the referee summarized the testimony of Mr. Trotta's cardiologist in the following finding of fact:

9. . . . Dr. Preli was presented hypothetical questions regarding decedent's work environment duties and responsibilities, as well as the events up to the date of decedent's demise while in the course of his employment with the defendant. Dr. Preli opined with reasonable medical certainty, the culmination of the decedent's work duties, responsibilities as Vice-President of the Dunmore Bank and the steps taken by the defendant transferring the decedent to the Scranton Branch would certainly directly aggravate and perhaps precipitate further cardiac damage. He further opined with reasonable medical certainty that on October 13, 1982, decedent's employment that day, and then returning home, then attending a social business function at the Globe Store, then, after four and one-half (4-½) hours of sleep, travelling to Hershey, Pa., on October 14, 1982 to attend a banking seminar, in his opinion, these circumstances would directly aggravate and contribute to his further cardiac

damage as well as decedent's work, aggravated decedent's pre-existing condition, contributing to his myocardial infarction and his death on October 14, 1982.

The referee, in Finding of Fact # 11, accepted as more credible Dr. Preli's testimony over that of Employer's witness who opined that Mr. Trotta's heart attack was not related to his employment.

The question of whether medical testimony is unequivocal requires a determination of its competency, which is an issue of law subject to our review. *Lamoreaux*. We are satisfied that in this case Claimant's medical testimony unequivocally established the causal connection between her husband's job-related stress and his heart attack. *See Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa. Commonwealth Ct. 202, 465 A.2d 132 (1983).

We, accordingly, affirm the order of the Board granting Claimant's fatal claim petition.

ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned proceeding is hereby affirmed.